1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIELLE TYRA,

        Plaintiff,

    v.

JASON PAUL VANBUREN,

        Defendant.

Case No. 2:21-cv-1289-RFB-BNW

**ORDER**

Before the Court, for consideration, are (1) the Report and Recommendation of the Honorable Brenda Wexler, United States Magistrate Judge, entered on September 13, 2021 (ECF No. 7), (2) an Emergency Ex-Parte Motion for "Custody of Child" filed by Plaintiff Danielle Tyra, (ECF No. 8), and (3) a second Emergency Ex-Parte Motion for "an order to stop son from being abducted," by Plaintiff Danielle Tyra (ECF No. 13).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

Here, the Magistrate Judge recommended that this Court dismiss the complaint with Prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to establish subject matter jurisdiction.  Plaintiff noticed her objection to the Magistrate Court Judge's report within the required deadline.  As Plaintiff proceeds *pro se*, this Court will broadly construe her objection

1    to apply to all legal conclusions reached by the Magistrate Judge.  Accordingly, this Court will

2    review the Magistrate Judge's Recommendation *de novo*.

3           Where a Court lacks subject matter jurisdiction over a given legal action, the complaint

4    must be dismissed.  Fed. R. Civ. P. 12(b)(1).  Subject matter jurisdiction is the power to hear and

5    review a given type of case or particular relief sought.  See *Jurisdiction*, Black's Law Dictionary

6    (11th Ed., 2019).  Federal district courts, as courts of original jurisdiction, do not have subject

7    matter jurisdiction to review errors allegedly committed by state courts.  Rooker v. Fidelity Trust

8    Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly

9    original."); D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court

10   has no authority to review final judgments of a state court in judicial proceedings."). The United

11   States Supreme Court is vested with the sole federal authority to review state-court judgments.  28

12   U.S.C. § 1257.  The Rooker–Feldman doctrine applies even when the state court judgment is not

13   made by the highest state court, see Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 221 (9th

14   Cir. 1994); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when

15   a plaintiff's challenge to the state court's actions involves federal constitutional issues.  Feldman,

16   460 U.S. at 483–84.

17          If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state

18   court, or a more general constitutional challenge that is "inextricably intertwined" with the

19   allegedly erroneous decision, then Rooker-Feldman bars the federal district court from having

20   subject-matter jurisdiction over the case.  Noel v. Hall, 341 F.3d 1148, 1161 (9th Cir. 2003).  A

21   claim is "inextricably intertwined" with a state court's decision when "adjudication of the federal

22   claims would undercut the state ruling or require the district court to interpret the application of

23   state laws or procedural rules." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).

24          The Magistrate Judge found that the Rooker Feldman doctrine applies to this case because

25   Plaintiff (1) lost her State Court case, (2) complains of injuries caused by the State Court ruling,

26   (3) the State Court ruling occurred before commencement of any Federal Court action, and (4)

27   Plaintiff invites the Federal Court to review the State Court's ruling that caused her harm.

28   Plaintiff's Complaint that the matter be dismissed with prejudice.  As any Federal Court under

1  these circumstances does not have the subject matter jurisdiction to review and overrule the

2  decisions of a state court judge, except for the Supreme Court, the Magistrate Judge recommended

3  that the case be dismissed "with prejudice."  ECF No. 7.

4       This Court agrees.  On August 13, 2021, Plaintiff filed a § 1983 action challenging

5  procedural and substantive decisions made by a Nevada State Family Court Judge ("Judge

6  Ritchie") who is a Nevada State District Court Judge for the Eighth Judicial District (Family

7  Court).  ECF No. 4.  The remedy she seeks in her federal court case is to overturn the decision,

8  authored by Judge Ritchie.  ECF No. 4.  As evidenced by her submissions to the Court, Plaintiff

9  strongly disagrees with the Nevada State District Court's findings and ultimate ruling and begs

10  this Court to overrule the State Court ruling (as evidenced, in part, by subsequent motions for

11  "child custody").  ECF Nos. 4, 8.  Plaintiff's constitutional challenge essentially asks this Court to

12  undercut the state court ruling, as in <u>Bianchi</u>, in violation of the Rooker Feldman doctrine.  <u>Bianchi</u>,

13  334 F.3d at 898 (noting that "Rooker-Feldman is a powerful doctrine that prevents federal courts

14  from second-guessing state court decisions by barring the lower federal courts from hearing de

15  facto appeals from state-court judgments . . .").

16       **IT IS THEREFORE ORDERED** based on the foregoing that the Magistrate Judge's

17  Recommendation be adopted in full and that this case and any underlying pending motions herein

18  are dismissed.

19

20       **DATED:** <u>September 19, 2022</u>

21

22       **RICHARD F. BOULWARE, II**

23       **UNITED STATES DISTRICT JUDGE**

24

25

26

27

28